UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER VACCARINO,

       Plaintiff,

v.                                   Case No. 8:22-cv-209-MAP

COMMISSIONER OF SOCIAL SECURITY

       Defendant.

_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits (DIB), and Supplemental Security Income (SSI).[1] Plaintiff argues that the Administrative Law Judge (ALJ) committed reversible error by failing to properly consider the opinion of Brock Hollett, D.O.  As the ALJ's decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

### I.    *Background*

Plaintiff, who was born in 1966, claimed disability beginning February 20, 2015 (Tr. 267).  She was 48 years old on the alleged onset date.  Plaintiff attended four or more years of college, and her past relevant work experience included work as a bookkeeper and a department manager/controller (Tr. 67-68, 306).  Plaintiff alleged

---

[1]  The parties have consented to my jurisdiction.  *See* 28 U.S.C. § 636(c).

disability due to depression, post-traumatic stress disorder (PTSD), anxiety, dissociative disorder, nerve damage in the lower back, high blood pressure, and high cholesterol (Tr. 305).

Given her alleged disability, Plaintiff protectively filed applications for a period of disability, DIB, and SSI (Tr. 266-73, 274-81). The Social Security Administration (SSA) denied Plaintiff's claims both initially and upon reconsideration (Tr. 83-159, 164-204). Plaintiff then requested an administrative hearing (Tr. 211-12). Per Plaintiff's request, the ALJ held a telephonic hearing at which Plaintiff appeared and testified (Tr. 57-82). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 8-27).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through June 30, 2020, and had not engaged in substantial gainful activity since February 20, 2015, the alleged onset date (Tr. 14). After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: diabetes mellitus, hypertension, degenerative changes of the left hand, lumbar facet arthropathy, and obesity (Tr. 14). Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 15). The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform light work with the following limitations: could occasionally lift 20 pounds

and frequently lift/carry 10 pounds; could stand or walk six hours and sit six hours with normal breaks in an eight-hour workday; could engage in no climbing of ladders, ropes, or scaffolds; could occasionally climb ramps and stairs; could occasionally balance, stoop, kneel, crouch, and crawl; could frequently reach and handle with the left upper non-dominant extremity; and should avoid concentrated exposure to extreme cold, vibration, and wetness and avoid even moderate exposure to hazards (Tr. 15). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 16-17).

Considering Plaintiff's noted impairments and the assessment of a vocational expert (VE), the ALJ determined that Plaintiff could perform her past relevant work, as such work did not require the performance of work-related activities precluded by Plaintiff's RFC (Tr. 20). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 21). Given the ALJ's finding, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-7, 258-62). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

II.     *Standard of Review*

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age,

education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision.  *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were

applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

      *III.*    *Discussion*

      Plaintiff argues solely that the ALJ erred by failing to properly consider Dr. Hollett's opinion.  More specifically, Plaintiff contends that the ALJ failed to provide an adequate explanation for finding Dr. Hollett's opinion unpersuasive.  At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work.  *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945.  To determine a claimant's RFC, an ALJ makes an assessment based on all the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all the other evidence of record and will consider all the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each.  20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole").

      Under the regulations, an ALJ will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative finding, including from a claimant's medical source.  20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Rather, in assessing a medical opinion, an ALJ considers a variety of

factors, including but not limited to whether an opinion is well-supported, whether an opinion is consistent with the record, the treatment relationship between the medical source and the claimant, and the area of the medical source's specialization. 20 C.F.R. §§ 404.1520c(c)(1)-(4), 416.920c(1)-(4). The primary factors an ALJ will consider when evaluating the persuasiveness of a medical opinion are supportability and consistency. 20 C.F.R. §§ 404.1520c(a) & (b)(2), 416.920c(a) & (b)(2). Specifically, the more a medical source presents objective medical evidence and supporting explanations to support the opinion, the more persuasive the medical opinion will be. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Further, the more consistent the medical opinion is with the evidence from other medical sources and nonmedical sources, the more persuasive the medical opinion will be. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). And, in assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis – the regulations do not require the ALJ to explain the consideration of each opinion from the same source. *See* 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Beyond supportability and consistency, an ALJ may also consider the medical source's specialization and the relationship the medical source maintains with the claimant, including the length of the treatment relationship, the frequency of examinations, the purpose of the treatment relationship, the extent of the treatment relationship, and whether the medical source examined the claimant, in addition to other factors. 20 C.F.R. §§ 404.1520c(c)(3)(i)-(v), (4), & (5), 416.920c(c)(3)(i)-(v), (4) & (5). While the ALJ must explain how he or she considered

the supportability and consistency factors, the ALJ need not explain how he or she considered the other factors.[2]  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

Here, Plaintiff received mental health treatment at Manatee County Rural Health Services and met with Dr. Hollett in October and November 2020 and January and March 2021 (Tr. 725-39, 775-83).  In December 2020, Dr. Hollett completed an Onset Date Questionnaire and a Medical Source Statement regarding Plaintiff's mental impairments (Tr. 745-49).  Based on his treatment of Plaintiff, Dr. Hollett diagnosed Plaintiff with chronic PTSD, generalized anxiety disorder, dysthymia, and dissociative disorder (Tr. 746).  In assessing Plaintiff's functional abilities, Dr. Hollett opined that Plaintiff experienced mild, moderate, or marked limitations in several abilities and aptitudes required to perform work activities (Tr. 748-49).  He also concluded that Plaintiff would miss more than four days per month due to her impairments and treatment and would remain off task 25% or more of the workday due to the severity of her symptoms interfering with her ability to maintain attention and concentration needed to perform even simple work tasks (Tr. 749). Dr. Hollett opined that Plaintiff's limitations and restrictions began in April 2020 and could be expected to last at least twelve months (Tr. 745, 749).

The ALJ considered Plaintiff's mental impairments at step two of the sequential evaluation and found Plaintiff's multiple psychological impairments to constitute non-

---

[2]  The exception is when the record contains differing but equally persuasive medical opinions or prior administrative medical findings about the same issue.  *See* 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

severe impairments (Tr. 14).  In making that finding, the ALJ concluded that Plaintiff experienced no restrictions or limitations in understanding, remembering, or applying information; mild limitations in interacting with others; mild limitations in adapting or managing herself; and no limitations in concentrating, persisting, or maintaining pace (Tr. 14-15).  Within the step-two analysis, the ALJ addressed Dr. Hollett's opinion, stating:

> Dr. Hollett submitted a statement on the claimant's behalf.  Dr. Hollett opined that the claimant had multiple marked limitations in her mental abilities.  However, the undersigned does not find this persuasive as it does not comport with his own treatment records.  Furthermore, Dr. Hollett had only treated the claimant on 3 occasions prior to assessing this opinion.

(Tr. 15) (internal citations omitted).

In determining Plaintiff's RFC at step four, however, the ALJ failed to consider Plaintiff's mental health impairments or Dr. Hollett's opinion regarding the limitations stemming from such impairments (Tr. 14-20).  The ALJ's only reference to Plaintiff's psychological issues occurred in the ALJ's summarization of Plaintiff's testimony and statements made by her and her mother to the SSA (Tr. 16-17).  Although an ALJ need not determine whether every alleged impairment is "severe" at step two, the ALJ must consider all impairments, regardless of severity, in conjunction with one another in performing the latter steps of the sequential evaluation.  20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); *see Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th

Cir. 2014).[3]  In fact, "[i]f an ALJ fails to address the degree of impairment caused by the combination of physical and mental medical problems, the decision that the claimant is not disabled cannot be upheld." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1269 (11th Cir. 2019) (citations omitted).  Like the ALJ in *Schink*, review of the content of the ALJ's decision in this instance demonstrates that he did not consider all of Plaintiff's symptoms, despite boilerplate language indicating that he had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" (Tr. 15).  *See Schink*, 935 F.3d at 1269.  Rather, the ALJ seemed to simply rely upon his findings at steps two and three rather than discuss the evidence of record in conducting a more detailed assessment to determine Plaintiff's RFC (Tr. 14-20).  *See Schink*, 935 F.3d at 1269 (acknowledging that the RFC determination requires a "more detailed assessment" of a claimant's mental functioning than the broad categories in paragraph B).  As in *Schink*, the ALJ's ultimate conclusions as to the RFC did not even include a finding about Plaintiff's mental capacities and instead concerned Plaintiff's physical capacities exclusively.  *Id.*  "Severe or not, the ALJ was required to consider [Plaintiff's] mental impairments in the RFC assessment but evidently failed to do so."  *Id.*  Such error deems the RFC inadequate.

Indeed, the Commissioner effectively concedes that the ALJ did not comply with his duties or the requirements under the regulations (Doc. 14, at 7 ("Although the

---

[3]  Unpublished opinions are not considered binding precedent but may be cited as persuasive authority.  11th Cir. R. 36-2.

ALJ does not address the specifics of [Dr. Hollett's] examinations in his decision, the ALJ refers the reader to the exhibit containing the treatment notes."); at 8 ("Although the ALJ did not explicitly address the consistency of Dr. Hollett's opinion with the medical evidence from other medical sources, this Court should nevertheless find the ALJ's analysis adequate.")).  Even if I were to accept the Commissioner's position that I should consider any error essentially harmless because the ALJ discussed Dr. Hollett's opinion and its persuasiveness at the earlier steps in the sequential analysis, the ALJ's analysis of Dr. Hollett's opinion was simply insufficient.  To reiterate, the regulations require the ALJ to address the supportability and consistency factors in considering the persuasiveness of a medical opinion.  20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).  As the cited excerpt indicates, the ALJ's discussion of Dr. Hollett's opinion falls woefully short of addressing the supportability and consistency factors. Accordingly, remand is warranted.  Upon remand, the ALJ should properly address Plaintiff's mental impairments and, in doing so, appropriately address the opinion of Dr. Hollett.

### IV.    Conclusion

For the foregoing reasons, the ALJ failed to apply the correct legal standards, and the ALJ's decision is not supported by substantial evidence.  Accordingly, after consideration, it is hereby

ORDERED:

1.    The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner

for further administrative proceedings consistent with this Order.

2.      The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 21st day of March, 2023.

_Mark A. Pizzo_

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:     Counsel of Record